

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00010-CR
No. 07-24-00011-CR
No. 07-24-00012-CR

**SAMUEL DARNELL DABBS, JR., APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the County Court at Law No. 1
McLennan County, Texas
Trial Court Nos. 2021-2527-CR1, 2022-0243-CR1 & 2022-0015-CR1
Honorable Vikram Deivanayagam, Presiding

July 10, 2024

## MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant Samuel Dabbs, Jr. appeals the trial court's judgments by which he was convicted of several offenses. In trial court cause number 2021-2527-CR1, appellant was convicted of resisting arrest. In trial court cause number 2022-0243-CR1, appellant was

---

[1] The Texas Supreme Court transferred this appeal from the Tenth Court of Appeals. Thus, we are bound by the latter's precedent should it conflict with ours. TEX. R. APP. P. 41.3.

convicted of criminal mischief, criminal trespass, and resisting arrest.  Finally, in trial court cause number 2022-0015-CR1, appellant was convicted of assault upon a family member.  Appellant timely appealed.  Appellant's court-appointed appellate counsel filed a motion to withdraw supported by an *Anders*[2] brief.  We grant counsel's motion to withdraw and affirm the judgments of the trial court.

In support of his motion to withdraw, counsel certified that he conducted a conscientious examination of the record, and in his opinion, it reflected no arguable basis for reversing appellant's convictions.  *See Anders*, 386 U.S. at 744–45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel also explained why, under the controlling authorities, the record supports that conclusion.  He further demonstrated that he complied with the requirements of *Anders* and *In re Schulman* by 1) providing a copy of the brief, motion to withdraw, and appellate record to appellant, 2) notifying appellant of his right to file a pro se response, and 3) informing appellant of his right to file a pro se petition for discretionary review.  *See In re Schulman*, 252 S.W.3d at 408.  By letter dated May 9, 2024, this Court granted appellant an opportunity to exercise his right to file a response to counsel's motion and brief by June 10, 2024.  To date, appellant has not filed a response or otherwise communicated a desire to do so.

We independently examined the record to determine whether there were any non-frivolous issues supporting reversal as required by *In re Schulman*.  We found none.  So, after thoroughly reviewing the record and counsel's brief, we 1) agree that there is no

---

[2] *Anders v. California*, 386 U.S. 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

plausible basis for reversal of appellant's convictions, 2) affirm the trial court's judgments, and 3) grant counsel's motion to withdraw.[3]

Brian Quinn
Chief Justice

Do not publish.

---

[3] Within five days after the date of this opinion, appellate counsel shall 1) send appellant a copy of the opinion and judgment and 2) inform appellant of his right to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. See TEX. R. APP. P. 48.4. This duty is only informational and ministerial. It does not encompass or require the rendition of legal advice or further representation.